IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERILYN H. SILVER, et al.,

    Appellants/Defendants,

vs.                                                                                 Civ. No. 98-1237 JC/LCS
                                                                                           Bankr. No. 7-96-11878-RS
                                                                                           Adv. No. 98-1091

YVETTE J. GONZALES, Trustee, et al.,

    Appellees/Plaintiffs.

And

A. DAVID SILVER, et al.,

    Appellants/Defendants,

vs.                                                                                  Civ. No. 98-1238 JP/LCS
                                                                                           Bankr. No. 7-96-11879-RS
                                                                                           Adv. No. 98-1092

YVETTE J. GONZALES, Trustee, et al.,

    Appellees/Plaintiffs.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

Proposed Findings

    1. This matter comes before the Court upon two appeals from the Bankruptcy Court filed primarily by Jerilyn Silver and A. David Silver, Civ. Nos. 98-1237 JC/LCS and 98-1238 JP/LCS, respectively.[1] The Silvers raise the identical issues in their appeals. Accordingly, I will treat both appeals similarly.

---

[1] Other Appellants are listed on the docket sheet, but the adversary proceeding at issue relates only to the Silvers' bankruptcy proceedings.

2. The Silvers appeal the Bankruptcy Court's September 22, 1998 Default Judgment on Complaint for Avoidance and Recovery of Certain Transfers and for Declaration of Alter Ego Status and Substantive Consolidation. The issues raised on appeal are as follows:

I. Whether the Bankruptcy Court abused its discretion when it entered default judgment against the Silvers even though they filed an untimely answer;

II. Whether the Bankruptcy Court erred in ordering substantive consolidation of ADSFIN, ADS Capital, Platinum Group, Santa Fe Capital, Santa Fe Capital Group of New Mexico, and Competere Group with the Chapter 7 estates of the Silvers;

III. Whether the Bankruptcy Court properly ordered substantive consolidation on notice only to parties to the adversary proceeding;

IV. Whether the Bankruptcy Court properly ruled that the formation of Platinum Group, L.L.C. and new entities such as Mintaka Corporation and Santa Fe Capital Group of New Mexico, Inc. was fraudulent; and

V. Whether the Bankruptcy Court erred in ruling that the Appellees are entitled to an order permitting levy of execution on the consolidated entities without determining what claim was being satisfied by said execution and in what amount.[2]

The Default Judgment

3. Fed. R. Bankr. P. 7055 states that Fed. R. Civ. P. 55 applies in determining if a party has defaulted a bankruptcy adversary proceeding. The trial court, or in this case the Bankruptcy Court, exercises discretion in deciding whether to enter a default judgment pursuant to Fed. R. Civ. P. 55. *See, e.g., Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970). Consequently,

---

[2]The Silvers do not contest this recharacterization of issue V by the Appellees.

the standard of review for a Bankruptcy Court's entry of default judgment is one of abuse of discretion. *See, e.g., Grandbouche v. Clancy*, 825 F.2d 1463, 1468 (10th Cir. 1987). Furthermore, it is up to the court's discretion to decide whether to allow an untimely pleading to be filed. *United States v. Foust Distilling Co.*, 36 F.R.D. 92, 93 (M.D. Pa. 1960).

    4. Fed. R. Civ. P. 55 (a) provides that entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has f ailed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise...." Fed. R. Civ. P. 55(b)(2) goes on to state that "[i]f the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application." Fed. R. Civ. P. 55(b)(2) also indicates that "the court may conduct such hearings or order such references as it deems necessary and proper...."

    5. In this case, Fed. R. Bankr. P. 7012(a) states that "the defendant shall serve an answer within 30 days after the issuance of the summons, except when a different time is prescribed by the court." The record on appeal clearly shows that the Silvers did not answer within 30 days after the issuance of the summons in the adversary proceeding nor did the court prescribe a different time. In fact, the Silvers never asked the Court for an extension of time as provided by Fed. R. Bankr. P. 9006(b)(1). Instead, the Silvers without excuse or explanation simply filed their untimely Response to Complaint just minutes prior to the August 17, 1998 hearing on the Appellees' motion for default judgment. Bankr. Doc. #49. The Silvers still have not provided any excuse for the untimely Response to Complaint. These facts lead me to conclude that the Bankruptcy Court Judge did not abuse his discretion in striking the untimely Response to

Complaint.

6. Moreover, the Silvers and their attorney had more than one month's notice of the motion for default judgment prior to the hearing on that motion and more than two weeks notice of the hearing on the motion for default judgment. In addition, the Bankruptcy Court found it appropriate to hold a separate presentment hearing to address issues concerning the form of the default judgment. Considering the above facts, I find that the Bankruptcy Court followed the procedures set out in Fed. R. Civ. P. 55. Under these circumstances, I find that the Bankruptcy Court Judge did not abuse his discretion by entering the default judgment.

Remaining Issues on Appeal

7. The remaining issues on appeal are based on what the Silvers characterized in the Bankruptcy Court as an incorrect form of the default judgment. *See, e.g.,* transcript of presentment hearing at 10 (Sept. 21, 1998). However, the Silvers' briefs appear to actually contain defenses to the complaint. In any event, if the Silvers wish to challenge the Appellees' right to recover, their recourse is found in Fed. R. Civ. P. 55(c). *See* Wright, Miller & Kane, *Federal Practice and Procedure: Civil 3d* §2688 at 63. Fed. R. Civ. P. 55(c) directs a party challenging a default judgment to proceed under Fed. R. Civ. 60(b). "Relief from a default judgment must be requested by a formal application as required by Rule 60(b). Because the request is for relief from a final disposition of the case, the party in default must take affirmative action to bring the case before the trial court a second time." *Federal Practice and Procedure: Civil 3d* §2692 at 87. The Silvers have not done so. I, therefore, find that this Court cannot supplant the Bankruptcy Court and address the Silvers' Fed. R. Civ. P. 60(b) issues. In other words, it is premature for this Court to consider the remaining issues on appeal.

4

Recommended Disposition

I recommend affirming the Bankruptcy Court's decision to enter a default judgment against the Silvers. This recommendation, however, does not preclude the Silvers from filing in Bankruptcy Court a Fed. R. Civ. P. 60(b) motion to set aside the default judgment. Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

Leslie C. Smith
United States Magistrate Judge